Reich & Reich, White Plains, N.Y., for Daniel H. Overmyer.

Strachan, Green, Miller, Olender & Hobt, Cleveland, Ohio, for Hadar Leasing, etc.

**In re Daniel H. OVERMYER, Debtor.**

**HADAR LEASING INTERNATIONAL COMPANY, INC. fka D.H. Overmyer Trucking Company, Plaintiff,**

v. \

**Daniel H. OVERMYER, Defendant.**

Bankruptcy No. 82 B 20329.

83 Adv. 6105.

United States Bankruptcy Court, S.D. New York.

Jan. 27, 1984.

See also, Bkrtcy., 33 B.R. 706.

### DECISION ON MOTION TO DISMISS PLAINTIFF'S NONDISCHARGEABILITY COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, Daniel H. Overmyer, as a defendant in an adversary proceeding addressed to the dischargeability of the claim asserted by the trustee in bankruptcy of Hadar Leasing International Company, Inc. ("Hadar"), seeks to dismiss the second claim for relief contained in the plaintiff's amended complaint. The debtor's motion for dismissal is predicated on the ground that the second cause of action denominated as the "Second Claim For Relief" fails to allege a claim within the requirements of Section 523 of the Bankruptcy Code, 11 U.S.C. § 523 (1982).

The "Second Claim For Relief" asserts that the debtor acted in a fiduciary capacity for Hadar and at one time was in "control of the Plaintiff in all respects . . . ." It is also alleged that the debtor willfully caused the plaintiff to be indebted for $2,520,240.02 to D.H. Overmyer Telecasting Company, Inc., another corporate entity in which the debtor had an interest. The complaint further charges that as a result of such willful conduct, the debtor "converted said funds to his personal use or misappropriated said funds to the use of other entities which he controlled and thereby maliciously dissipated the assets of the Plaintiff to the damage of the Plaintiff and its Creditors."

The language in the "Second Claim For Relief" is consistent with Code § 523(a)(6) which does not discharge an individual debtor from any debt: "(6) for willful and malicious injury by the debtor to another entity or the property of another entity." The "Second Claim For Relief" asserts sufficient facts as to apprise the debtor that he is charged with willful and malicious injury to Hadar and its property. The debtor is given fair notice of the basis for the plaintiff's claim. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 100, 2 L.Ed.2d 80 (1957); 2A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 12.18, at 2389 (2d ed. 1982). Accordingly, the debtor's motion to dismiss the "Second Claim For Relief" is denied.

IT IS SO ORDERED.